**UNITED STATES GYPSUM CO., Plaintiff,**

v.

**ALL TANK SALES & SUPPLY CO., Defendant.**

No. 97 C 2097.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 5, 1997.

---

Thomas Otman Kuhns, John F. Hagan, Jr., Kirkland & Ellis, Chicago, IL, for USG Corp.

Daniel R. Fusco, Andrew M. Hale, Rock, Fusco, Reynolds, Crowe & Garvey, Ltd., Chicago, IL, for All Tank Sales & Supply Co.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, United States Gypsum Co. ("USG"), entered into a contract with the defendant, All Tank Sales & Supply Co. ("All Tank"), in which All Tank agreed to design, fabricate, and install two silos on USG's property in Galena Park, Texas. After All Tank defaulted on the contract by failing to provide the silos, USG instituted this action for breach of contract and promissory estoppel. All Tank moves to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). For the reasons set forth below, the motion is denied.

### Background

USG, a producer of ready mix joint compounds, is a Delaware corporation with its principal place of business in Chicago, Illinois. As part of its efforts to expand its manufacturing facilities, USG solicited bids for the construction and installation of two silos at its plant in Galena Park, Texas. In May 1996, USG sent a bid request to All Tank, a company that previously had done work for USG. All Tank is an Iowa corpora-

tion with its principal place of business in Cedar Falls, Iowa. All Tank submitted a bid of $144,070 which USG accepted. In August 1996, USG sent a contract, which had been drafted and signed by USG in Illinois, to All Tank's office in Cedar Falls. All Tank's president, Chris Doyle, signed the contract in Cedar Falls and mailed it back to USG in Chicago.

Shortly after the contract had been executed, All Tank informed USG that its performance on the contract might be delayed. Concerned about this development, USG requested a meeting with All Tank. Mr. Doyle, on behalf of All Tank, travelled to USG's office in Chicago on September 30, 1996, to discuss issues relating to the silo contract. One month after this meeting, on October 30, 1996, All Tank sent a letter to USG nullifying the silo contact due to "technical default" and refunding USG's down payment.

### Personal Jurisdiction

■ On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie case showing that jurisdiction is proper. *Chemical Waste Management v. Sims*, 870 F.Supp. 870, 873 (N.D.Ill.1994). When deciding such a motion, a court may accept affidavits submitted by both parties, but all factual disputes must be resolved in favor of the plaintiff. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988).

■ In a diversity action,[1] a federal district court in Illinois has personal jurisdiction over a party if an Illinois state court would have personal jurisdiction. *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 279 (7th Cir.1990). Under Illinois law, the long-arm statute permits *in personam* jurisdiction over a party to the extent allowed under the due process clause of the Fourteenth Amendment. 735 ILCS 5/2–209(c); *Sutherland v. Cybergenics Corp.*, 907 F.Supp. 1218, 1221 (N.D.Ill.1995). In addition, the due process guarantees of the Illinois Constitution also must be satisfied before personal jurisdiction may be as-

serted over an out-of-state defendant. *Rollins v. Ellwood*, 141 Ill.2d 244, 152 Ill.Dec. 384, 398, 565 N.E.2d 1302, 1316 (1990).

### A. Federal Due Process

The due process inquiry has two parts. First, the defendant must have "purposely established 'minimum contacts' in the forum State." *Burger King v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). These minimum contacts must "result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Id.* at 475, 105 S.Ct. at 2184 (citations omitted). The defendant's connection to the State must be substantial enough that "he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). In the second part of the due process inquiry, the court must consider if, in light of those minimum contacts and some other considerations, the exercise of personal jurisdiction would offend " 'traditional notions of fair play and substantial justice.' " *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)). The "other considerations" which the Court must take into account include "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).

■■ *In personam* jurisdiction may take two forms: specific or general jurisdiction. Specific jurisdiction applies "when the defendant's contacts with the forum are related to the controversy underlying the litigation." *Glass v. Kemper Corp.*, 930 F.Supp. 332, 339 (N.D.Ill.1996). In this case, USG seeks to invoke specific jurisdiction because it has al-

---

1. USG asserted in its complaint that jurisdiction was based on 28 U.S.C. § 1332, the diversity statute.

leged that All Tank's contacts with Illinois are related to its cause of action.[2]

To carry its burden of making a prima facie case for personal jurisdiction, USG points to several considerations that allegedly demonstrate All Tank's minimum contacts with Illinois. Only two of these have any relevance for this analysis.[3] First, USG states that, between June and November of 1996, All Tank called USG's Chicago office more than a dozen times and sent three facsimiles concerning the silo contract. Nickell Aff. ¶ 8. Second, USG states that during Mr. Doyle's visit to USG's office in Chicago, he made admissions and promises with respect to All Tank's past and future performance on the silo contract *Id.* ¶ 6. Specifically, he admitted that All Tank would not be able to meet the dates for performance specified in the contract, but he promised that the necessary materials would be on site by the end of October 1996, that one of the silos would be erected and complete by December 15, 1996, and that the other silo would be done by the end of January 1997. *Id.* These promises form the basis for Count II of USG's Complaint. Complaint ¶¶ 24–27.

These facts are sufficient to establish All Tank's minimum contacts with Illinois. By coming to Illinois and making admissions and promises relating to the contact, All Tank purposefully availed itself of the laws of Illinois and could have foreseen being haled into court here in order to answer for those admissions and promises. Although USG solicited All Tank for the bid, and the contract was not negotiated, executed, or performed in Illinois, All Tank's visit to Illinois during the course of performance is a significant contact with the state. *See Wisconsin Elec. Mfg. Co. v. Pennant Prods., Inc.*, 619 F.2d 676, 677–78 (7th Cir.1980); *Hexacomb Corp. v. Damage Prevention Prods. Corp.*, 905 F.Supp. 557, 562–63 (N.D.Ind.1995); *Reliable*

*Tool & Mach. Co. v. U–Haul Int'l Inc.*, 837 F.Supp. 274, 280 (N.D.Ind.1993); *but see Unis Int'l Corp. v. M.L. Marketing Co.*, No. 93 C 329, 1993 WL 116744, at *4–5 (N.D.Ill. April 14, 1993) (holding that the defendant's presence at one meeting in Illinois to discuss problems with goods and future payment terms was insufficient to support personal jurisdiction where formation, execution and performance of contract all occurred outside of Illinois). The fact that All Tank's visit was subsequent to the execution of the contract does not diminish the significance of its contact. *Hexacomb*, 905 F.Supp. at 563; *Reliable Tool*, 837 F.Supp. at 280–81.

The Court's finding of minimum contacts is buttressed by looking at the "totality of the circumstances." *Mid–America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1361 (7th Cir.1996). Not only did All Tank phone and fax USG's Chicago office several times in connection with the silo contract, but USG and All Tank also had an on-going business relationship. Nickell Aff. ¶¶ 3, 8. The existence of a continuing relationship with an Illinois company can subject a nonresident to the jurisdiction of Illinois courts. *See Heritage House*, 906 F.2d at 284. Given these additional contacts with Illinois, All Tank has the requisite minimum contacts for the exercise of personal jurisdiction.

■ Furthermore, the exercise of personal jurisdiction over All Tank would not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)). USG, a company with its headquarters located in Illinois, has a substantial interest in obtaining relief in its home state for a breach of contract. Likewise, Illinois has a substantial interest in

---

**2.** General jurisdiction, which refers to a party's "continuous and systematic general business contacts" with a forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984), could not support the exercise of personal jurisdiction over All Tank. All Tank has no offices, employees, bank accounts, telephone listings, mailing addresses, or other indicia of continuous contacts in Illinois. Doyle Aff. ¶¶ 17–23.

**3.** For example, USG emphasizes the fact that the contract was drafted and signed by it in Illinois. USG extrapolates from this fact that the contract was formed and executed at least partially in Illinois. This fact is immaterial. When determining the existence of personal jurisdiction, only the defendant's actions with respect to the forum state, not those of the plaintiff, are considered. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 946 (7th Cir.1992).

protecting the contract rights of companies located within its boundaries. This interest is heightened in the instant case because certain admissions and promises were made in Illinois which affected those contract rights. Finally, the burden on All Tank in travelling to Illinois is not particularly onerous. Iowa, Illinois' westerly neighbor, is not located at an especially great distance from this courthouse, and All Tank has demonstrated its ability in the past to travel to Chicago in order to protect its business interests. Thus, I find that personal jurisdiction may be extended over All Tank in accord with federal due process requirements.

*B. Illinois Due Process*

■ The Illinois Constitution's guarantee of due process permits the assertion of personal jurisdiction "when it is fair, just and reasonable to require a non-resident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins*, 152 Ill.Dec. at 398, 565 N.E.2d at 1316. When interpreting these principles, a court may look to the construction and application of the federal due process clause. *Id.* Because All Tank has not argued any distinct basis under Illinois due process principles to justify dismissal, I find that the exercise of personal jurisdiction over All Tank satisfies the Illinois due process clause for the same reasons described above with respect to the federal due process clause. *See Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 725 (7th Cir.1994).

*Conclusion*

All Tank's motion to dismiss for lack of personal jurisdiction is denied. Its contacts with Illinois are qualitatively sufficient with respect to the underlying cause of action to permit the exercise of *in personam* jurisdiction consistent with due process requirements.