The WESSEL COMPANY, INC.,
Plaintiff,

v.

YOFFEE AND BEITMAN MANAGE-
MENT CORP., Defendant.

No. 78 C 2034.

United States District Court,
N. D. Illinois, E. D.

Sept. 29, 1978.

Lieberman, Levy, Baron & Stone, Ltd., Chicago, Ill., for plaintiff.

Karla Wright, Chicago, Ill., for defendant.

## MEMORANDUM

LEIGHTON, District Judge.

Plaintiff brings this suit to recover monies allegedly owed on a contract for printing and sale of brochures. Jurisdiction is invoked under 28 U.S.C. § 1332. The cause is before the court on defendant's motion to dismiss under Rule 12(b)(2), Fed.R.Civ.P., for lack of *in personam* jurisdiction. For the following reasons, the motion is granted.

### I.

The parties agree on the relevant jurisdictional facts. Plaintiff is an Illinois cor-

poration with its principal place of business in Chicago. Defendant is a Pennsylvania corporation and was served with process at its principal place of business in Harrisburg, Pennsylvania. The contract at issue was negotiated by defendant with plaintiff's regional salesman for the eastern United States, Richard Nussey, a New Jersey resident, who submitted a bid for web offset printing of the brochures to defendant's sales manager, Murray Beitman. Nussey avers that he met with Beitman at defendant's Harrisburg offices in May, 1977. At that time, Beitman told him that plaintiff's bid had been accepted. Nussey accepted the order and advised Beitman that all details regarding production were to be handled by plaintiff's production personnel in Chicago. Thereafter, defendant corresponded by letter and telephone with Leonard Levine, plaintiff's executive vice-president in Elk Grove, Illinois, until completion of the order in August, 1977. Levine avers that he received five letters in July and August from Wendy Hepler, defendant's employee, regarding details of production and that he conversed at least six times with her by long distance telephone, although he does not recall who initiated the calls. The brochures were printed in Illinois and shipped to Pennsylvania. Defendant mailed its payments to plaintiff's Illinois offices.

## II.

■ Section 17 of the Illinois Civil Practice Act (the Illinois "long-arm" statute) provides in pertinent part

(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(a) The transaction of any business within this State . . . .. Ill.Rev.Stat. ch. 110, § 17(1)(a) (1975).

It is well-settled that in enacting this statute, the Illinois legislature intended to pro-

vide the means by which jurisdiction can be asserted over non-residents to the extent permitted under the due process clause. *McBreen v. Beech Aircraft Corp.*, 543 F.2d 26 (7th Cir. 1976); *Nelson v. Miller*, 11 Ill.2d 378, 143 N.E.2d 673 (1967). Sufficient "minimum contacts" with the forum state must exist so that exercise of jurisdiction over a non-resident defendant is reasonable and just according to traditional notions of fair play and substantial justice. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The issue of minimum contacts cannot be reduced to a rigid formula; "[t]he test . . . is a flexible one which emphasizes the reasonableness of subjecting a defendant to suit; and the proper inquiry is whether a non-resident defendant can be said to have invoked, by act or conduct, the benefits and protection of the laws of the forum." *Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137, 1144 (7th Cir. 1975); see also *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 441–42, 176 N.E.2d 761 (1961).

■ The burden of proof rests on the party asserting jurisdiction; however, this burden is met by a *prima facie* showing that jurisdiction is conferred by the long-arm statute. *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir. 1971). In considering a challenge to its personal jurisdiction, a court may receive and weigh affidavits. *Id.* And such conflicts as do exist in the affidavits and pleadings must be resolved in plaintiff's favor for purposes of determining whether a *prima facie* case for *in personam* jurisdiction has been established. *United States Ry. Equip. Co. v. Port Huron & Detroit R. Co.*, 495 F.2d 1127, 1128 (7th Cir. 1974). Thus, where defendant's affidavits have varied from plaintiff's, this court has credited plaintiff's affidavits. However, even accepting plaintiff's version of the facts, the minimum contacts essential to personal jurisdiction are not present in this case.

In *Geneva Industries, Inc. v. Copeland Construction Corp.*, 312 F.Supp. 186 (N.D.

Ill. 1970), defendant, a Pennsylvania general contractor, accepted a bid for cabinet construction from plaintiff's Pennsylvania agent. After further negotiations directly by telephone and letter between defendant and plaintiff, an Illinois company, the parties executed a contract; the plaintiff manufactured the cabinets in Illinois, shipped them to Pennsylvania, and brought suit on the contract. In holding personal jurisdiction lacking, Judge Will stated:

> Quite simply [defendant] . . . was no more than a customer for a single sale by [plaintiff] which was negotiated through the mails and by telephone. . .
>
> A citizen of a foreign jurisdiction does not submit to *in personam* jurisdiction of the forum state when a seller based in the forum state, through its agent in the foreign jurisdiction, initiates a contractual relationship between his principal in the forum state and the customer in the foreign state. The fact that the seller accepts the contract in the forum state does not alter this result. Nor is it determinative . . . that communications relating to that contract passed between Illinois and the foreign jurisdiction.

312 F.Supp. at 188.

*See also Desert Palace, Inc. v. Salisbury,* 401 F.2d 320 (7th Cir. 1968); *Geldermann & Co., Inc. v. Dussault,* 384 F.Supp. 566, 571–73 (N.D.Ill. 1974). The facts in this case, like those in *Geneva Industries,* are insufficient to permit the exercise of personal jurisdiction. Here, defendant was merely a customer for a single sale by plaintiff which was negotiated by plaintiff's out-of-state agent who submitted the bid and accepted the brochure printing order from defendant. The few contacts by letter and telephone during plaintiff's execution of the order are not, in and of themselves, sufficiently meaningful contacts to submit defendant to the jurisdiction of courts in Illinois. To label these telephone calls and letters concerning the details of the order significant contacts with Illinois would be to destroy the distinction between the transaction of business in Illinois and the transaction of business with an Illinois corporation. Only the former constitutes grounds for exercising *in personam* jurisdiction over a foreign defendant, but only the latter is involved here.

Plaintiff relies on cases holding that, under certain circumstances, a single telephone call made by a foreign defendant to a forum plaintiff may form the basis for the exercise of *in personam* jurisdiction. *Colony Press, Inc. v. Fleeman,* 17 Ill.App.3d 14, 308 N.E.2d 78 (1st Dist. 1974); *Cook Associates, Inc. v. Colonial Broach & Mach. Co.,* 14 Ill.App.3d 965, 304 N.E.2d 27 (1st Dist. 1973). But these cases differ in two significant respects from the instant case. First, the defendants in the *Colony Press* and *Cook Associates* cases initiated the business transactions at issue by contacting the plaintiff in Illinois, whereas in this case, defendant dealt with plaintiff's out-of-state salesman. Second, the plaintiffs in the *Colony Press* and *Cook Associates* cases accepted the contract in Illinois, whereas in this case, Nussey accepted the order in Harrisburg. More generally, in the cases cited by plaintiff, the foreign defendants initiated the contracts and dealt solely and deliberately with the forum plaintiffs. Where, as in those cases, a foreign defendant invokes the benefits and protection of the forum by initiating a substantial business transaction in the forum, he is undoubtedly subject to the forum state's jurisdiction. Equally clearly, this defendant did not invoke those benefits and protections by placing an order with a New Jersey salesman whose Illinois principal filled it, following occasional directions from defendant by letter and telephone, and hence it is not subject to this court's jurisdiction.

For these reasons, defendant's motion under Rule 12(b)(2), Fed.R.Civ.P., to dismiss for lack of *in personam* jurisdiction is granted. This suit is dismissed.

So ordered