Robert CHARLESWORTH, Plaintiff,

v.

MARCO MANUFACTURING CO., Defendant.

Civ. No. 1:94cv334.

United States District Court, N.D. Indiana, Fort Wayne Division.

Feb. 14, 1995.

---

John C. Theisen, Eric HJ Stahlhut, Gallucci Hopkins and Theisen, P.C., Fort Wayne, IN, for Robert Charlesworth.

Timothy F. Ryan, Sarvenaz Bahar, Morrison and Foerster, Los Angeles, CA, for Marco Mfg., Co.

### ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer filed by the defendant Marco Manufacturing Co. ("Marco") on December 23, 1994. The parties completed briefing the motion on January 26, 1995. For the following reasons, Marco's motion to dismiss will be denied and Marco's motion to transfer will be granted.

### Discussion

Plaintiff Robert Charlesworth ("Charlesworth") has sued his former employer, Marco, a California corporation, alleging that Marco terminated him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* The relevant factual background of this case is as follows. On or about October 1990, Charlesworth was hired by Marco as a Sales Manager for the Midwest Region. Throughout the tenure of his employment by Marco, Charlesworth resided in Indiana. His primary duty while working for Marco was to expand its market share in the Midwest by contacting and persuading distributors to purchase Marco's products. Indiana was one of five Midwestern states in which Charlesworth was expected to generate business. As a result of Charlesworth's efforts, Marco sold its fireplaces to businesses throughout Indiana. While living and working in Indiana, Charlesworth routinely received progress reports, sales leads, and other communication from representatives of Marco's corporate office *via* telephone and facsimile in Indiana. Following the sale of Marco's fireplaces to distributors in Indiana, Charlesworth also serviced those fireplaces in the home of Indiana residents when problems arose with their operation. On or about March 7, 1994, Charlesworth was discharged by his immediate supervisor George Follett ("Follett").

Marco has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) on the ground that this court lacks personal jurisdiction over Marco and that, consequently, venue in this district is improper. In the alternative, Marco requests this court to transfer this cause of action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404 and § 1406.

■ When the issue of personal jurisdiction is raised via a Rule 12(b)(2) motion to dismiss, the burden of proof rests upon the party asserting jurisdiction. *Wessel Co., Inc. v. Yoffee & Beitman Mgmt. Corp.,* 457 F.Supp. 939, 940 (N.D.Ill.1978). This burden of proof is met by a prima facie showing that jurisdiction is conferred by the long-arm statute. *Neiman v. Rudolf Wolff & Co., Ltd.,* 619 F.2d 1189, 1190 (7th Cir.1980); *O'Hare Int'l Bank v. Hampton,* 437 F.2d 1173, 1176 (7th Cir.1971); *Wessel Co., Inc.,* 457 F.Supp. at 940. In considering a challenge to personal jurisdiction, a court may may receive and weigh affidavits, exhibits or other evidence submitted by the parties. *Nelson by Carson v. Park Industries, Inc.,* 717 F.2d 1120 (7th Cir.1983). However, the court must construe all facts concerning jurisdiction in favor of the non-movant, including disputed or contested facts. *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.,* 726 F.2d 1209, 1215 (7th Cir.1984); *Neiman,* 619 F.2d at 1190; *United States Railway Equipment Co. v. Port Huron & Detroit Railroad Co.,* 495 F.2d 1127, 1128 (7th Cir.1974); *O'Hare Int'l Bank,* 437 F.2d at 1176; *Maurice Sternberg, Inc. v. James,* 577 F.Supp. 882, 885 (N.D.Ill.1984).

■ This court has jurisdiction over a non-resident defendant, such as Marco, only if an Indiana court would have jurisdiction. *Scott Turnock v. Cope,* 816 F.2d 332, 334 (7th Cir.1987); *Lakeside Bridge & Steel v. Mountain State Construction Co., Inc.,* 597 F.2d 596 (7th Cir.1979); *Patton Elec. Co., Inc. v. Rampart Air, Inc.,* 777 F.Supp. 704, 709 (N.D.Ind.1991). Indiana Rules of Procedure, Trial Rule 4.4, controls the issue of whether a federal court has personal jurisdiction over a

non-resident defendant. The pertinent portion of Trial Rule 4.4 states:

> (A) Any person or organization that is a nonresident of this state, ... submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:
>
> (1) doing any business in this state ...

Trial Rule 4.4(A) is intended to extend personal jurisdiction to the extent allowed by due process. *Nu–Way Systems v. Belmont Marketing,* 635 F.2d 617 (7th Cir.1980).

Due process requires that a trial court acquire personal jurisdiction over a non-resident defendant before it renders a judgment against that defendant. *Kulko v. California Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Before a court can exercise personal jurisdiction it must determine that "minimum contacts" exist between the forum state and the non-resident defendant, which comport with due process. *International Shoe Co. v. Washington,* 326 U.S. 310, 315–17, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Minimum contacts exist when maintenance of the suit in question "does not offend 'traditional notions of fair play and substantial justice'" *Id.* quoting *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). A district court must determine whether it is reasonable, due to the non-resident defendant's conduct in connection with the forum state, for the non-resident defendant to anticipate being haled into court in the forum state. *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Due process requires that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

The court must also determine whether the non-resident defendant purposely availed himself or itself of the privilege of conducting activities within the forum state. *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The test for minimum contacts is flexible and necessarily dependent upon the facts of each case with particular attention being given to the nature and quality of the contacts. *Lakeside,* 597 F.2d at 596.

In *Burger King,* the Supreme Court determined that the factors to be considered when determining whether the exercise of personal jurisdiction comports with "fair play and substantive justice" include: (1) the burden on the defendant, (2) the forum states' interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in.obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering substantive social policies.

This court may exercise jurisdiction over non-resident defendants if the court has either specific or general jurisdiction over the defendants. Specific jurisdiction exists when the defendant's contacts with the forum are related to the controversy and those contacts reach a "minimum" threshold. *International Shoe Co. v. Washington,* 326 U.S. at 315–17, 66 S.Ct. at 158. If the controversy does not arise out of the defendant's contacts with the forum, the court may exercise general jurisdiction if the defendant has "continuous and systematic" contacts with the forum, even though those contacts have no relation to the underlying controversy. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Specific jurisdiction requires only a minimum of contacts, but also requires the controversy to be "related" in some way to the defendant's contact with the forum. General jurisdiction requires a greater amount of contacts, but permits the court to include in its analysis contacts that have absolutely no relationship to the underlying dispute.

Marco argues that Charlesworth's cause of action is unrelated to Marco's contacts with Indiana, and thus Charlesworth must show that this court has general personal jurisdiction over it. Charlesworth, however, takes the position that this court has both specific and general personal jurisdiction over Marco. Thus, this court must

first determine whether this litigation is related to Marco's contacts with this forum.

This litigation is a suit under the ADEA in which Charlesworth alleges that he was improperly terminated on the basis of his age. Clearly then, to make a showing of specific jurisdiction, Charlesworth must show that Marco's contacts with Indiana relate in some way to Charlesworth's start of employment with the company or his termination therefrom. After carefully studying the materials submitted to this court, this court finds that Charlesworth has completely failed to meet his burden of showing specific jurisdiction. In fact, Charlesworth has not shown that any of Marco's contacts with Indiana were related to the decision to hire or fire Charlesworth. For example, there is no showing that Marco solicited employees from Indiana by way of advertising available positions in Indiana. Additionally, it is undisputed that the decision to hire Charlesworth was made in California. Moreover, although Charlesworth claims that he was informed of his termination during a meeting with Follett in Indiana, there is no showing that the actual decision to terminate Charlesworth occurred any place other than in California. Consequently, as the present controversy does not arise out of Marco's contacts with Indiana, this court finds no basis on which to exercise specific personal jurisdiction over Marco.

■■■ This court must next determine whether general personal jurisdiction over Marco is present. As noted earlier, where the controversy does not arise out of the defendant's contacts with the forum, as is the case here, the court may exercise jurisdiction if the defendant has "continuous and systematic business contacts" with the forum. *Helicopteros, supra,* 466 U.S. at 415–16, 104 S.Ct. at 1872–73. These contacts must be "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." *International Shoe, supra,* 326 U.S. at 318, 66 S.Ct. at 159. The court must "scrutinize the nature and the quality of the contacts of the defendant with the forum state". *L.H. Carbide Corp. v. Piece Maker Co.,* 852 F.Supp. 1425, 1433 (N.D.Ind.1994). "In practice, the standard

for establishing general jurisdiction is fairly high." *Intermatic Inc. v. Taymac Corp.,* 815 F.Supp. 290, 293 (S.D.Ind.1993), citing *Wilson v. Humphreys Ltd.,* 916 F.2d 1239, 1245 (7th Cir.1990).

Marco argues that its contact with Indiana is not "continuous and systematic". In support of its argument, Marco relies on the following facts: It has no facilities or employees in Indiana. It is not registered to do business in Indiana. It does not advertise in Indiana. It does not have a phone listing or bank account in Indiana. It does not produce its products in Indiana. All Marco products that enter Indiana are the properties of independent distributors and are no longer the property of Marco. Marco further points out that the only contacts it has with Indiana are (1) its former sales agent (Charlesworth) resides in Indiana, and (2) between 5.5%–7.3% of Charlesworth's annual sales and between 0.28%–0.36% of Marco's annual sales occurred in Indiana. After reviewing Marco's contacts with Indiana, this court agrees with Marco that its contacts with Indiana do not rise to the level of being "continuous and systematic".

■■■ With respect to the amount of sales of Marco's products occurring in Indiana, the law is clear that such sales give rise to general personal jurisdiction only where the amount of sales is "significant". *L.H. Carbide,* 852 F.Supp. at 1435; *Boone v. Sulphur Creek Resort, Inc.,* 749 F.Supp. 195, 200 (S.D.Ind.1990). The amount of Indiana sales of Marco's products (between 0.28% and 0.36%) is not a significant amount. *See e.g., Romann v. Geissenberger Mfg. Corp.,* 865 F.Supp. 255, 261 (E.D.Pa.1994) (two to four percent of sales of non-resident defendant's product "is hardly reflective of the type of extensive and pervasive contact required."); *L.H. Carbide, supra,* 852 F.Supp. at 1436 (eight percent of non-resident defendant's national sales in forum state was found to be insignificant).

■■■ With respect to Charlesworth's activities in Indiana as Marco's sales agent, it is undisputed that Marco had, at most, three distributors for its products in Indiana. Thus, Marco's sales and servicing responsi-

bilities in Indiana were not very significant. In *L.H. Carbide, supra* at 1436, this court specifically found that a sales agent's "regular purchase transactions and transaction-related contacts" with four to five customers were not enough to assert general jurisdiction. Likewise, Charlesworth's communications with Marco's California plant from his Indiana residence is insufficient to establish jurisdiction. *Lakeside Bridge & Steel v. Mountain State Construction*, 597 F.2d 596, 604 (7th Cir.1979).

■ Additionally, the law clearly states that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Nu–Way Systems v. Belmont Marketing*, 635 F.2d 617, 620 (7th Cir.1980) (citations omitted). Thus, Charlesworth may not rely on his own contacts within the state of Indiana in his attempt to establish that this court has jurisdiction over Marco. Nor may Charlesworth rely on the fact that he resides in Indiana. *Romann v. Geissenberger Mfg. Corp.*, 865 F.Supp. 255, 261–62 (E.D.Pa.1994) (plaintiff's unilateral decision to reside in Pennsylvania and receive paychecks there did not constitute purposeful contacts by [the defendant] ). In light of the foregoing, it is abundantly clear that this court may not exercise general personal jurisdiction over Marco.

■ This court, having determined that it lacks personal jurisdiction over defendant, now turns to Marco's alternative Motion to Transfer to the United States District Court for the Central District of California. Because this court lacks personal jurisdiction over Marco, venue is also inappropriate in this forum, and the court may either dismiss the case outright, or in the interest of justice, the court may transfer the case to any district in which the cause of action could have been brought originally. The decision whether to transfer is entrusted to the discretion of the district court. *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir.1989).

■ Marco asserts that personal jurisdiction and venue are proper in the United States District Court for the Central District

of California and that the court should therefore transfer the case to that court. This court agrees.

The ADEA does not contain its own venue provision and, thus, venue is governed by the general venue statute, 28 U.S.C. § 1391(c). Pursuant to § 1391, venue is proper for a defendant corporation only in a "judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Marco has admitted that it is subject to personal jurisdiction in the Central District of California. Therefore, in the interest of justice and in accordance with the purpose of 28 U.S.C. § 1406, this court will grant Marco's Motion to Transfer.

### Conclusion

For all of the foregoing reasons, Marco's motion to dismiss is hereby DENIED. Further, Marco's motion to transfer this case to the United States District Court for the Central District of California is hereby GRANTED.