OPINION
{¶ 1} Plaintiff-appellant, Paul L. Parshall ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas dismissing his suit for lack of personal jurisdiction.
 {¶ 2} Defendant-appellee, PAID, Inc. ("appellee"), is a Delaware corporation headquartered in Worchester, Massachusetts. Appellee, through its website, offers information about its business, including the following: website hosting, auction *Page 2 
management, marketing, and authentication and consignment services for the collectible, sports, and entertainment industries.
 {¶ 3} Appellee also maintains informational websites. The first,www.paid.com, is a non-interactive informational website where potential customers can research information on appellee's services. The second,www.paidsports.com, showcases signed sports memorabilia for sale on-line. Although appellee marketed an Aerosmith concert in Ohio and manages an Ohio football player, appellee never maintained an office or any full-time employees in the state of Ohio, and appellant does not allege that appellee conducted any business with him personally in Ohio.
 {¶ 4} In the trial court, appellant submitted an affidavit in which his expert, James M. Bailey, examined appellee's website and found that the site offers information about the range of services and prices offered by appellee. The affidavit also stated that appellee's website provides a link to Aerosmith's website, which is managed by appellee, where potential customers can find links to order concert ticket packages, including packages for a concert at Germain Amphitheater in Columbus in July 2006.
 {¶ 5} On October 3, 2006, appellant filed a complaint alleging a violation of R.C. 1308.11 for appellee's refusal to allow the transfer of common stock from appellee's predecessor company, Rose International, LTD., a former Ohio corporation acquired on June 20, 1996.
 {¶ 6} On December 17, 2007, appellee filed a motion to dismiss for lack of jurisdiction with the trial court. Appellee argued that the trial court lacked personal jurisdiction over appellee under R.C. 2307.382, Ohio's long-arm statute, and the Due *Page 3 
Process Clause of the Fourteenth Amendment to the United States Constitution. The trial court granted appellee's motion and dismissed appellant's complaint.
 {¶ 7} Appellant appeals, raising one assignment of error:
 The court below erred i[n] dismissing Plaintiff's Complaint for lack of personal jurisdiction over the Defendant.
 {¶ 8} In his single assignment of error, appellant contends that the trial court erred by dismissing his complaint for lack of personal jurisdiction. We disagree.
 {¶ 9} To establish jurisdiction over a non-state defendant once that defendant has moved for dismissal, pursuant to Civ. R. 12(B)(2), the plaintiff must prove the trial court has personal jurisdiction over that defendant. Joffe v. Cable Tech, Inc., 163 Ohio App.3d 479,2005-Ohio-4930, ¶ 10, citing Robinson v. Koch Refining Co. (June 17, 1999), Franklin App. No. 98AP-900, and Giachetti v. Holmes (1984),14 Ohio App.3d 306. When, as in this case, a court determines jurisdictional issues without first having an evidentiary hearing, it must "view allegations in the pleadings and documentary evidence in the light most favorable to the non-moving party" and "resolv[e] all reasonable competing inferences" in favor of that party. Goldstein v.Christiansen, 70 Ohio St.3d 232, 236, 1994-Ohio-229; Giachetti at 307. When there is no evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. Id. To do this, the plaintiff must provide sufficient evidence to allow reasonable minds to conclude that personal jurisdiction exists over the defendant. Id. See, also, Wilkerson Shoe Co. v. Natl. Super Markets, Inc. (July 26, 1994), Franklin App. No. 94APE01-116 (stating that the trial court "must assume the truth of the facts in the nonmoving party's affidavits and complaint for purposes of the motion to dismiss"). If the plaintiff proves a *Page 4 
prima facie case, the trial court shall not dismiss the complaint under Civ. R. 12(B)(2) before it holds an evidentiary hearing. Id. Lastly, personal jurisdiction is a question of law that we review de novo.Joffe at ¶ 10, citing Kvinta v. Kvinta, Franklin App. No. 02AP-836, 2003-Ohio-2884.
 {¶ 10} In determining whether an Ohio court has personal jurisdiction over a nonresident defendant, the court must determine the following: (1) whether Ohio's long-arm statute, R.C. 2307.382(A), and the applicable civil rule, Civ. R. 4.3, permit it to assert personal jurisdiction; and, if so, (2) whether bringing the defendant within the jurisdiction of the Ohio courts would violate traditional notions of fair play and substantial justice under the Due Process Clause of theFourteenth Amendment to the United States Constitution.Goldstein at 235, citing U.S. Sprint Communications Co., Ltd.Partnership v. Mr. K's Foods, Inc., 68 Ohio St.3d 181, 183-184,1994-Ohio-504. Courts must engage in this two-step analysis because the long-arm statute does not give Ohio courts jurisdiction to the limits of the Due Process Clause. Goldstein at 238, fn. 1.
 {¶ 11} Ohio's long-arm statute, R.C. 2307.382, outlines specific activities that will allow Ohio courts to exert personal jurisdiction over a non-resident defendant. Joffe at ¶ 12, citing U.S. Sprint at 184. Civ. R. 4.3(A) permits out-of-state service of process on a defendant to confer personal jurisdiction. Joffe at ¶ 12, citing Kentucky Oaks MallCo. v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73, 75. Essentially, R.C. 2307.382 and Civ. R. 4.3(A) are coextensive and "complement each other." U.S. Sprint at 184, quoting Kentucky OaksMall at 75. When deciding whether a defendant is within the reach of the long-arm statute, the court should consider the following three factors: (1) the defendant must purposefully avail itself of the privilege of acting in the forum state or *Page 5 
causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts or consequence of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Krutowsky v. Simonson (1996), 109 Ohio App.3d 367,370, quoting Cincinnati Art Galleries v. Fatzie (1990),70 Ohio App.3d 696, 699.
 {¶ 12} In arguing in favor of dismissal below, appellee provided an affidavit, which stated that appellee is a Delaware corporation with headquarters in Massachusetts. It has never maintained an office, full-time employee or agent in Ohio. And, in the past two years, a single employee provided services in Ohio on one occasion, when that employee assisted with an autograph signing in Cincinnati, Ohio.
 {¶ 13} In response, appellant sought to prove personal jurisdiction under the long-arm statute through appellee's maintenance of an interactive website, which he argues "actively solicits business with residents of Ohio." Specifically, appellant argues that appellee's Internet activity is sufficient to bring it within the Ohio long-arm statute's jurisdiction under the "transacting any business" provision of the statute. R.C. 2307.382(A)(1) provides:
 (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
 (1) Transacting any business in this state[.]
 {¶ 14} Similarly, Civ. R. 4.3(A)(1) provides that a plaintiff may make service of process on a non-resident: *Page 6 
 * * * [W]ho, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
 (1) Transacting any business in this state[.]
 {¶ 15} As used in these jurisdictional provisions, transact means "to prosecute negotiations; to carry on business; to have dealings."Kentucky Oaks Mall at 75, quoting Black's Law Dictionary (5th Ed. 1979) 1341. Thus, the term "transact":
 * * * "* * * [E]mbraces in its meaning the carrying on or prosecution of business negotiations but it is a broader term than the word `contract' and may involve business negotiations which have been either wholly or partly brought to a conclusion * * *." * * *
(Emphasis deleted.) Id. Accordingly, as used in R.C. 2307.382(A)(1) and Civ. R. 4.3(A)(1), "[transacting any business in this state" indicates a broad statement of jurisdiction. Kentucky Oaks Mall at 75. Therefore, cases involving whether a nonresident defendant "transacted business" in Ohio "`have reached their results on highly particularized fact situations, thus rendering any generalization unwarranted.'" U.S.Sprint at 185, quoting 22 Ohio Jurisprudence 3d (1980) 430, Courts and Judges, Section 280. "With no better guideline than the bare wording of the statute to establish whether a nonresident is transacting business in Ohio, the court must, therefore, rely on a case-by-case determination." U.S. Sprint at 185.
 {¶ 16} We have held previously that "`the fact that a defendant utilizes a passive, non-interactive website available to any Internet user does not support a finding that jurisdiction exists.'" Malone v.Berry, 174 Ohio App.3d 122, 2007-Ohio-6501, ¶ 16, quoting Buflod v. VonWilhendorf, Warren App. No. CA2006-02-022, 2007-Ohio-347, ¶ 19. Ohio courts have found no personal jurisdiction under the long-arm statute where *Page 7 
the defendant merely passively posts information, including advertising, on its website. See Buflod; In re Blue Flame Energy Corp.,171 Ohio App.3d 514, 2006-Ohio-6892, ¶ 21; Edwards v. Erdey (2001),118 Ohio Misc.2d 232. For appellee to be within Ohio's jurisdiction under R.C. 2307.382(A)(1), it must have done more than merely solicit business; it must have actually conducted business within the state. U.S. Sprint
at 185, citing Wainscott v. St. Louis-San Francisco Ry. Co. (1976),47 Ohio St.2d 133.
 {¶ 17} Here, appellant's expert stated that "potential" customers in Ohio can "order" "services" "through" appellee's website. However, the affidavit does not identify services that a potential customer may actually purchase through the website. Rather, the affidavit states that the website "details" where appellee provides document authentication services, the pricing structure for those authentication services, how appellee "markets and sells various electronic commerce services," how appellee provides services to Internet auction sellers, and appellee's web design and hosting services. In addition, the affidavit identifies links a potential customer may use to purchase concert tickets, including an Aerosmith concert that occurred in Ohio in July 2006, and to obtain information about appellee's representation of professional football players, including Antwan Harris of the Cleveland Browns.
 {¶ 18} Appellant's expert's affidavit does not, however, provide any evidence of an actual purchase by an Ohio customer through appellee's website or any contract for services occurring within Ohio. And there is no evidence that appellee's website has anything to do with appellant's underlying cause of action.
 {¶ 19} Appellant's only evidence of the transaction underlying his claims is an Acquisition Agreement. A signature page indicates that he and a representative of *Page 8 
Rose Color, Inc., signed the agreement in 1995. Appellant points to the agreement as a connection with Ohio because he signed the agreement as President/CEO of Global Ecosystems, Inc., which is identified as having an address in Worthington, Ohio. We find, however, that the agreement provides no evidence to support appellant's argument.
 {¶ 20} There is nothing within the agreement suggesting that the parties negotiated in Ohio or that any services under the agreement would occur in Ohio. Instead, the agreement indicates that Rose Color, Inc., is a New Jersey corporation, and Global Ecosystems, Inc., is a Utah corporation seeking to become a Delaware corporation. The parties contemplated that work under the agreement would require appellant to travel to Florida. And the agreement was to be governed by the laws of Delaware. Other than appellant's address listing, there is no mention of Ohio. Appellant offers no other evidence to connect the agreement to Ohio or to connect the parties to the agreement to appellee.
 {¶ 21} For all these reasons, we agree with the trial court that appellee did not set forth a prima facie case for personal jurisdiction under R.C. 2307.382(A) and Civ. R. 4.3(A).
 {¶ 22} However, even if appellee's contacts were sufficient to confer jurisdiction under the long-arm statute, we would still conclude that those contacts were not sufficient under the Fourteenth Amendment Due Process Clause for the trial court to have exercised personal jurisdiction. Joffe at ¶ 25, citing Goldstein at 235, and U.S.Sprint at 183-184. *Page 9 
 {¶ 23} The Due Process Clause permits a court to obtain either general or specific jurisdiction over a non-resident defendant. HelicopterosNacionales de Colombia v. Hall (1984), 466 U.S. 408, 414. Specific jurisdiction exists when a plaintiff's cause of action is related to, or arises out of, the defendant's contact with the forum state. Conversely, general jurisdiction exists when a court exercises personal jurisdiction over a defendant in a cause of action that does not arise out of or relate to the defendant's contacts with the forum state. Joffe at ¶ 27.
 {¶ 24} We first consider specific jurisdiction, which depends on the "`relationship among the defendant, the forum, and the litigation.'"Helicopteros at 414, quoting Shaffer v. Heitner (1977), 433 U.S. 186,204. Specifically, the court examines whether the defendant has "purposefully established minimum contacts within the forum State" and whether "the litigation results from alleged injuries that `arise out of or relate to' those activities." Burger King Corp. v. Redzewicz (1985),471 U.S. 462, 472, 476. Minimum contacts exist when the non-resident defendant's purposeful and related contacts "create a `substantial connection' with the forum State." Id. at 475. Personal jurisdiction is proper in those cases because the defendant "should reasonably anticipate being haled into court" in the forum state. World-WideVolkswagen Corp. v. Woodson (1980), 444 U.S. 286, 297.
 {¶ 25} If the court decides the defendant has the necessary minimum contacts within the forum under specific jurisdiction, the court next examines whether asserting personal jurisdiction over the defendant would "offend `traditional notions of fair play and substantial justice.'" Internatl. Shoe Co. v. Washington (1945), 326 U.S. 310, 320, quoting Milliken v. Meyer (1940), 311 U.S. 457, 463. In particular, the court evaluates *Page 10 
"`the burden on the defendant,' `the forum State's interest in adjudicating the dispute,' `the plaintiff's interest in obtaining convenient and effective relief,' `the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the `shared interest of the several States in furthering fundamental substantive social policies.'" Burger King at 477, quotingWorld-Wide Volkswagen at 292.
 {¶ 26} Here, appellee has never maintained an office or a full-time employee or agent in the state of Ohio. The website operated by appellee is largely passive and does not have the requisite interactivity to establish that appellee has purposefully availed itself to personal jurisdiction in Ohio. With regard to the actual stock itself, appellant did not provide enough information to show that that stock had any connection with appellee, much less enough to allow the court to assert that "minimum contacts" have been established.
 {¶ 27} For a court to exercise general jurisdiction over a non-resident defendant, that defendant must have "continuous and systematic" contacts with the forum state. Helicopteros at 416. General jurisdiction requires that the defendant have "`a greater amount of contacts'" than specific jurisdiction. Joffe at ¶ 37, quotingCharlesworth v. Marco Mfg. Co. (N.D.Ind. 1995), 878 F.Supp. 1196, 1200. Based on the record before us, we must conclude that the contacts appellee has with Ohio are not sufficiently continuous and systematic to submit appellee to general jurisdiction under the Fourteenth Amendment. Minimum contacts under the Fourteenth Amendment require more than an occasional transaction in Ohio. Rather, we must identify "`conduct which creates a substantial connection to the forum state, creates continuing obligations between a defendant and a resident of the forum, or conducting significant activities *Page 11 
within a state.'" Cardinal Dist. v. Reade, Franklin App. No. 02AP-1204, 2003-Ohio-2880, ¶ 32, quoting Hercules Tire Rubber Co. v. Murphy,133 Ohio App.3d 97, 1999-Ohio-838. Appellant has failed to allege facts that would show that appellee conducted any sustained or significant business in Ohio. The only evidence of actual business in Ohio — one employee's assistance at one autograph session involving one baseball player — was a one-time event. A single or isolated item of activity in the state is not sufficient to subject appellee to suit on causes of action not related to that activity. Internatl. Shoe at 317. For these reasons, appellee would not be subject to general jurisdiction under theFourteenth Amendment.
 {¶ 28} For these reasons, we conclude that the trial court did not err in finding that it lacked personal jurisdiction over appellee and in granting appellee's motion to dismiss for lack of jurisdiction. Thus, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
 Judgment affirmed. BRYANT and KLATT, JJ., concur. *Page 1