[Cite as *Doors On-Line v. Chandra*, 2023-Ohio-2018.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

DOORS ON-LINE INC.,

    PLAINTIFF-APPELLEE,                  CASE NO. 17-22-11

    v.

ROHIT CHANDRA,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Sidney Municipal Court
Trial Court No. 21CVF01181

**Judgment Reversed and Cause Remanded**

**Date of Decision: June 20, 2023**

APPEARANCES:

    *Jared B. Chamberlain* **for Appellant**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Rohit Chandra ("Chandra"), appeals the September 26, 2022 judgment of the Sidney Municipal Court granting judgment in favor of plaintiff-appellee, Doors On-Line, Inc. ("Doors On-Line"). For the reasons that follow, we reverse.

{¶2} This case stems from Chandra's, a resident of California, purchase of a garage door from Doors On-Line. Doors On-Line, an Ohio corporation, "is an online dealership for a manufacturer of a couple different lines of doors, a nationwide dealership * * * ." (Sept. 20, 2022 Tr. at 12). Importantly, once a purchase is completed, an out-of-state manufacturer, *not* Doors On-Line, schedules the installation and ships the product. (*See id.* at 53).

{¶3} Here, Chandra initially purchased a garage door from Doors On-Line on May 28, 2020. Significantly, because Chandra's order "was a very customized order [, it] had to [be] placed by phone." (*Id.* at 15). As a result of Chandra's order, a "sight check by the installer" was scheduled for July 8, 2020 to "verify that everything on the order [would] allow [the garage door] to be installed properly." (*Id.* at 16). (*See also* Plaintiff's Ex. 2). However, because Chandra requested "various changes that needed to be made to the order for the installer to complete the work," "a new order [was] placed on July 29, 2020 to incorporate the various changes." (Doc. No. 8). The garage door was installed in October 2020.

{¶4} Nevertheless, since Chandra was not satisfied with the installation of the garage door, he filed a complaint with his credit-card company, which "reversed" the charge. (*See* Sept. 20, 2022 Tr. at 39). As a result, Doors On-Line did not receive payment for the garage door or installation costs. Consequently, on November 1, 2021, Doors On-Line filed a small-claims complaint in the Sidney Municipal Court seeking a judgment in the amount of $3,253.51, plus interest, from Chandra.

{¶5} Chandra filed a motion to dismiss the complaint for a lack of personal jurisdiction on February 11, 2022. On February 25, 2022, Doors On-Line filed a memorandum in opposition to Chandra's motion to dismiss. On May 23, 2022, the trial court denied Chandra's motion to dismiss without a hearing after concluding that Doors On-Line satisfied its burden of proving that the trial court has personal jurisdiction over Chandra since he had minimum contacts in Ohio. Specifically, the trial court concluded that Doors-Online proved that Chandra had minimum contacts in Ohio since Doors-Online "has [its] own website which [Chandra] used to contact [Doors On-Line] for materials and services" and such "website * * * clearly indicates [Doors On-Line's] address in Russia, Shelby County, Ohio." (Doc. No. 22).

{¶6} On August 5, 2022, Chandra filed his answer along with counterclaims for breach of contract, a violation of Ohio's consumer sales practices act, and design

defect.  Doors On-Line filed its answer to Chandra's counterclaims on August 19, 2022.

**{¶7}** The case proceeded to a bench trial on September 20, 2022.  On September 26, 2022, the trial court, again concluding that it had personal jurisdiction over Chandra, awarded judgment in favor of Doors On-Line for $2,528.51—the cost of only the garage door.  (Doc. No. 34).

**{¶8}** Chandra filed his notice of appeal on October 24, 2022.  He raises one assignment of error for our review.

### Assignment of Error

**The Trial Court incorrectly determined it had personal jurisdiction over Defendant/Appellant, a California resident with no minimum contacts with Ohio.**

**{¶9}** In his sole assignment of error, Chandra argues that the trial court erred by concluding that it had personal jurisdiction over him because "[h]e has no connection to Ohio, except a single online consumer purchase of a garage door from an Ohio corporation known as Doors On-Line" that he "purchased * * * via Internet transaction on May 28, 2020."  (Appellant's Brief at 1).  Specifically, Chandra contends that he "had absolutely no reason – other than the obscurely located address on the bottom/left corner of [Doors On-Line's] website – to know he was dealing with an Ohio corporation, and" his "single online purchase" "falls well short

of the threshold whereby Ohio could exercise personal jurisdiction over him." (*Id.* at 3). We agree.

*Standard of Review*

**{¶10}** "Whether personal jurisdiction exists is a question of law that we review de novo." *Wedemeyer v. U.S.S. F.D.R (CV-42) Reunion Assoc.*, 3d Dist. Allen No. 1-09-57, 2010-Ohio-1502, ¶ 37. "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25.

*Analysis*

**{¶11}** In this case, the trial court concluded that Doors On-Line presented sufficient evidence for reasonable minds to conclude that it could exercise personal jurisdiction over Chandra. Specifically, the trial court found that Doors On-Line "has their [sic] own website which [Chandra] used to contact [Doors On-Line] for materials and services" and that the website "clearly indicates [Doors On-Line's] address in Russia, Shelby County, Ohio." (Doc. No. 22).

**{¶12}** However, Chandra argues that the trial court erred by concluding that it had personal jurisdiction over him because its assertion of personal jurisdiction in this case does not comport with the Due Process Clause of the Fourteenth Amendment. In particular, Chandra contends that the trial court does not have *specific* jurisdiction over him since he did not have "minimum contacts with the

State of Ohio * * * ." (Appellant's Brief at 8). That is, Chandra argues that (1) he "did not purposely avail himself of any privilege of doing business in the State of Ohio where he merely used a publicly available website to complete a single consumer transaction"; (2) "the cause of action does not arise from [his] activities in Ohio"; and (3) he does not have a "*substantial connection* to Ohio * * * ." (Emphasis sic.) (*Id.*).

{¶13} Doors On-Line did not respond to Chandra's appellate argument because it failed to file a brief in this case. Under such circumstances, App.R. 18(C) provides that this court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." *See Spinner v. Barger*, 3d Dist. Shelby No. 17-16-27, 2017-Ohio-1489, ¶ 5, fn. 1. After reviewing the record, and for the following reasons, we conclude that Chandra's brief reasonably appears to sustain a reversal.

{¶14} "This Court applies a two-part inquiry when deciding whether an out-of-state defendant is subject to personal jurisdiction in an Ohio court." *Magnum Asset Acquisition, LLC v. Green Energy Techs., LLC*, 9th Dist. Summit No. 29789, 2022-Ohio-2247, ¶ 7. "'First, the court must determine whether the defendant's conduct falls within Ohio's long-arm statute or the applicable civil rule.'" *Id.*, quoting *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, ¶ 12. "If it does, then the court must consider whether the assertion of jurisdiction over the

nonresident defendant would deprive the defendant of due process of law under the Fourteenth Amendment to the United States Constitution." *Id.*, quoting *Fraley* at ¶ 12.

**{¶15}** "Once a defendant moves to dismiss a complaint for lack of personal jurisdiction under Civ.R. 12(B)(2), the burden shifts to the plaintiff to establish jurisdiction over the nonresident defendant." *Wedemeyer*, 2010-Ohio-1502, at ¶ 37. "[T]he trial court has the discretion to rule upon the motion with or without a hearing." *Magnum* at ¶ 7. "When a court determines personal jurisdiction without an evidentiary hearing, it must 'view allegations in the pleadings and documentary evidence in the light most favorable to the non-moving party' and 'resolv[e] all reasonable competing inferences' in favor of the non-moving party." *Wedemeyer* at ¶ 37, quoting *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236 (1994) and *Giachetti v. Holmes*, 14 Ohio App.3d 306, 307 (1984) (8th Dist.).

**{¶16}** "Where * * * the trial court determines personal jurisdiction without an evidentiary hearing, the plaintiff need only establish a prima facie showing of personal jurisdiction, which requires sufficient evidence to allow reasonable minds to conclude that the trial court has personal jurisdiction." *Austin Miller Am. Antiques, Inc. v. Cavallaro*, 10th Dist. Franklin No. 11AP-400, 2011-Ohio-6670, ¶ 7. *See also Wedemeyer* at ¶ 37 ("In order to make a prima facie showing of personal jurisdiction, 'the plaintiff must provide sufficient evidence to allow reasonable

minds to conclude that personal jurisdiction exists over the defendant.'"), quoting *Parshall v. PAID, Inc.*, 10th Dist. Franklin No. 07AP-1019, 2008-Ohio-3171, ¶ 9. "If the plaintiff demonstrates a prima facie case for personal jurisdiction, the trial court shall not dismiss the complaint before it holds an evidentiary hearing." *Austin Miller* at ¶ 7.

**{¶17}** The determination of whether an Ohio court has personal jurisdiction over a nonresident defendant, depends on "(1) whether R.C. 2307.382(A), Ohio's long-arm statute, and Civ.R. 4.3 permit the court to assert personal jurisdiction; and, if so, (2) whether bringing the defendant within the jurisdiction of the Ohio courts would violate traditional notions of fair play and substantial justice under the Due Process Clause." *Wedemeyer* at ¶ 38. "Ohio's long-arm statute, R.C. 2307.382, outlines specific activities that allow Ohio courts to exert personal jurisdiction over a nonresident defendant." *Id.* at ¶ 39. Specifically, "'R.C. 2307.382 and Civ.R. 4.3(A) allow Ohio courts to exercise jurisdiction over nonresident defendants in causes of action arising from several enumerated circumstances,' including a nonresident's '[t]ransacting any business in this state.'" *Figley v. Ivex Protective Packaging, Inc.*, 3d Dist. Shelby No. 17-16-02, 2016-Ohio-3501, ¶ 18, quoting *Cincinnati Equine v. Sandringham Farm*, 1st Dist. Hamilton No. C-150067, 2016-Ohio-803, ¶ 12, and citing R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1).

{¶18} "The Ohio Supreme Court has recognized 'transacting any business' as 'a broad statement of jurisdiction' and questions concerning the application of R.C. 2307.382(A)(1) are resolved upon 'highly particularized fact situations, thus rendering any generalization unwarranted.'" *Magnum* at ¶ 9, quoting *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 185 (1994). "Thus, a court must determine, case-by-case, whether a nonresident is transacting business in the state of Ohio." *Id.*, quoting *U.S. Sprint* at 185.

{¶19} "[T]he term 'transact' as utilized in the phrase 'transacting any business' means 'to carry on business' and 'to have dealings' and is broader than the word 'contract.'" *Id.* at ¶ 10, quoting *Morgan Adhesives Co. v. Sonicor Instrument Corp.*, 107 Ohio App.3d 327, 332 (9th Dist.1995), quoting *Goldstein*, 70 Ohio St.3d at 236. "Therefore, the term encompasses more than just the creation of a contract and can include business negotiations." *Ashton Park Apts., Ltd. v. Carlton-Naumann Constr., Inc.*, 6th Dist. Lucas No. L-08-1395, 2009-Ohio-6335, ¶ 15. Furthermore, "'[t]ransacting business in Ohio does not require the nonresident party to have a physical presence in Ohio.'" *Magnum* at ¶ 10, quoting *MJM Holdings Inc. v. Sims*, 9th Dist. Summit No. 28952, 2019-Ohio-514, ¶ 14. "One factor that may be considered, but is not determinative as to transacting business, is whether the nonresident initiated the business dealing." *Id.*

{¶20} Importantly, "[u]se of the internet to 'transact business' in Ohio can result in application of Ohio's long-arm statute." *Ashton Park Apts.* at ¶ 15, quoting *Parshall*, 2008-Ohio-3171, at ¶ 16. However, "[t]he determination of when internet use constitutes 'transacting business' depends upon the type of internet activity involved." *Id.*, quoting *Parshall* at ¶ 16.

{¶21} "If it is determined that the defendant is subject to Ohio's long-arm statute, we proceed to ask whether the assertion of personal jurisdiction by an Ohio court comports with the Due Process Clause of the Fourteenth Amendment." *Id.* at ¶ 11. *See also Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, ¶ 45 (noting that "Ohio's long-arm statute is not coterminous with due process"). However, if "'a court decides that jurisdiction is improper under Ohio's long-arm statute, it need not address whether due-process requirements have been met.'" *Figley*, 2016-Ohio-3501, at ¶ 17, quoting *Starks v. Choice Hotels Internatl.*, 175 Ohio App.3d 510, 2007-Ohio-1019, ¶ 10 (1st Dist.).

{¶22} "In order to comport with the due process requirement, a defendant must 'have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Magnum* at ¶ 12, quoting *Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940). "'This due process requirement may be satisfied where the forum state has either

specific or general jurisdiction over a nonresident.'" *Id.*, quoting *State ex rel. DeWine v. 9150 Group*, *L.P.*, 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 18.

**{¶23}** "'Specific jurisdiction exists when a plaintiff's cause of action is related to, or arises out of, the defendant's contact with the forum state.'" *Wedemeyer*, 2010-Ohio-1502, at ¶ 40, quoting *Parshall*, 2008-Ohio-3171, at ¶ 23. "'Conversely, general jurisdiction exists when a court exercises personal jurisdiction over a defendant in a cause of action that does not arise out of or relate to the defendant's contacts with the forum state.'" *Id.*, quoting *Parshall* at ¶ 23. In this case, we are concerned with whether the trial court had specific jurisdiction over Chandra. *Accord Magnum* at ¶ 12.

**{¶24}** To establish specific jurisdiction, three requirements must be met:

> "First, defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at ¶ 13, quoting *9150 Group* at ¶ 19. *See also Wedemeyer* at ¶ 39.

**{¶25}** "The first two requirements establish a defendant's 'minimum contacts' with the forum." *Magnum* at ¶ 13, quoting *9150 Group* at ¶ 19. "The last requires the court to determine if exercise of jurisdiction over the defendant

comports with the ideas of 'fair play and substantial justice.'" *Id.*, quoting *9150 Group* at ¶ 19.

{¶26} "The first requirement of 'purposeful availment' looks to 'whether the defendant purposely availed himself of the privilege of acting in the forum state or causing a consequence in the forum state.'" *Id.* at ¶ 14, quoting *Kauffman*, 126 Ohio St.3d 81, 2010-Ohio-2551, at ¶ 51. "'Purposeful availment' is present when the defendant's contacts with the forum state proximately result from actions by the defendant that create a 'substantial connection' with the forum State." *Id.*, quoting *Kauffman* at ¶ 51.

> Where a defendant has "deliberately" engaged in significant activities within a State or has created "continuing obligations" between [himself] and residents of the forum, [he] has manifestly availed [himself] of the privilege of conducting business there, and because [his] activities are shielded by "the benefits and protections" of the forum state's laws, it is presumptively not unreasonable to require [him] to submit to the burdens of litigation in the forum as well.

*Id.*, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-476, 105 S.Ct. 2174 (1985). "The defendant's conduct and connection with the forum state must be such that it 'should reasonably anticipate being haled into court there' and not solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.*, quoting *Kauffman* at ¶ 51. "This likewise ensures the defendant will not be subjected to another state's jurisdiction based on the unilateral activity of another party or a third person." *Id.* "'Courts must examine the quality and nature of all the contacts a nonresident

defendant makes with the forum during the course of the parties' contractual relationship.'" *Id.*, quoting *Barnabus Consulting Ltd. v. Riverside Health Sys., Inc.*, 10th Dist. Franklin No. 07AP-1014, 2008-Ohio-3287, ¶ 22.

**{¶27}** "The second prong requires the plaintiff's cause of action arise from the defendant's contacts with Ohio." *Id.* at ¶ 15. "'If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts."'" *Id.*, quoting *Kauffman* at ¶ 70, quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir.1996). "The cause of action needs to have a substantial connection with the defendant's in-state activities." *Id. See also Wedemeyer,* 2010-Ohio-1502, at ¶ 41 ("'"Minimum contacts" has been defined as conduct which creates a substantial connection to the forum state, creates continuing obligations between a defendant and a resident of the forum, or conducting significant activities within a state.'"), quoting *Hercules Tire & Rubber Co. v. Murphy*, 133 Ohio App.3d 97, 101 (3d Dist.1999).

**{¶28}** "If the court determines that the defendant has the necessary minimum contacts within the forum state for specific jurisdiction, the court must then determine whether asserting personal jurisdiction over the defendant would 'offend "traditional notions of fair play and substantial justice."'" *Wedemeyer* at ¶ 42, quoting *Parshall*, 2008-Ohio-3171, at ¶ 25, quoting *Internatl. Shoe*, 326 U.S. at 320, quoting *Milliken*, 311 U.S. at 463. To do so, the trial court must evaluate five

factors: (1) the burden on the defendant; (2) the forum State's interest in resolving the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate-judicial system's interest in obtaining an efficient resolution to the controversy; and (5) "'the shared interest of the several States in furthering fundamental substantive social policies.'" *Burger King* at 477, quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559 (1980).

{¶29} Generally, "'[i]f the first two prongs are satisfied, there is an inference the third prong is also satisfied.'" *Magnum*, 2022-Ohio-2247, at ¶ 16, quoting *MJM Holdings*, 2019-Ohio-514, at ¶ 42. "'Only in unusual circumstances is the third element left unsatisfied, and it is the burden of the defendant to show it.'" *Id.*, quoting *MJM Holdings* at ¶ 42.

{¶30} "The development and advances in technology have required Federal and State Courts to tackle unique situations such as the one presented in the instant action." *Kauffman Racing Equip., L.L.C. v. Roberts*, 5th Dist. Knox No. 07-CA-14, 2008-Ohio-1922, ¶ 27. "'Traditionally, when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of specific jurisdiction is proper.'" *Id.* at ¶ 31, quoting *Burger King* at 475. Importantly, "[d]ifferent results should not be reached simply because business is conducted over the Internet." *Id.*, quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa.1997). "A non-resident defendant who avails himself of the

expansive reach of the Internet should not be able to use his non-residency as a shield against defending tortious activity against a plaintiff harmed in a different state." *Id.* at ¶ 32.

**{¶31}** Even assuming without deciding that Chandra transacted business in Ohio, we conclude that the exercise of personal jurisdiction over him is not permissible under the Due Process Clause. *Accord Austin Miller*, 2011-Ohio-6670, at ¶ 21; *Parshall*, 2008-Ohio-3171, at ¶ 22. That is, based on our review of the record, we conclude that Chandra had insufficient contacts with Ohio to justify the exercise of personal jurisdiction. *Accord Austin Miller* at ¶ 21. Indeed, the record reflects that Chandra did not purposely avail himself of the privilege of acting or causing a consequence in Ohio.

**{¶32}** Importantly, several courts have "recognized that a single, isolated act is generally insufficient to establish the requisite minimum contacts." *Id.* at ¶ 18. *See also Barnabus*, 2008-Ohio-3287, at ¶ 23 ("Generally, '"a one-shot deal" or a single, isolated act' is insufficient to establish the necessary minimum contacts for the exercise of jurisdiction"), quoting *Ricker v. Bobcat of Orlando, Inc.*, 10th Dist. Franklin No. 04AP-481, 2004-Ohio-6070, ¶ 17. Stated another way, a contract for a single-consumer purchase in a forum state, standing alone, "'cannot be constitutionally subject to the exercise of personal jurisdiction by the courts of the forum state.'" *Austin Miller* at ¶ 16, quoting *Borg-Warner Acceptance Corp. v.*

*Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1059 (11th Cir.1986). Instead, to determine whether a party's contacts constitute purposeful availment, courts must examine the quality of the contacts, not the number or status of such contacts. *Ricker v. Mercedes-Benz of Georgetown*, 10th Dist. Franklin No. 21AP-43, 2022-Ohio-1860, ¶ 32.

**{¶33}** Based on the facts presented, we conclude that the "quality" of the contacts in this case to constitute the purposeful availment of Chandra to Ohio is missing. *Accord Reynolds* at 1119. Importantly, the parties' agreement amounted to "a single contract for the sale of goods." *Barnabus* at ¶ 23. *Accord Hwy. Auto Sales, Inc. v. Auto-Konig of Scottsdale, Inc.*, 943 F.Supp. 825, 831 (N.D.Ohio 1996) ("Advertising in a nationally circulated publication, negotiating the sale of a single vehicle over telephone and fax lines, and arranging the delivery of the vehicle to the forum state involve contacts of a short and fleeting character—contacts which are insufficient to create a 'realistic and foreseeable impact' on the commerce of Ohio"). Indeed, the parties' agreement does not contemplate ongoing obligations. *See Hwy. Auto Sales* at 831 (concluding that the "defendant's contacts cannot be characterized as creating 'continuing obligations'" to or an ongoing relationship with plaintiff").

**{¶34}** Furthermore, even though the trial court makes much about Doors On-Line's website, the record reflects that Chandra initiated his relationship with Doors On-Line through a telephone call. However, that telephone communication is

"'insufficient to establish purposeful availment.'" *Hwy. Auto Sales* at 831 ("Even though defendant advertised in a national publication and, through its General Manager, initiated a phone call to Liber for purposes of explaining the condition and quality of the automobile, such communications 'are insufficient to establish purposeful availment.'"), quoting *Reynolds* at 1119. *Accord Joffe v. Cable Tech, Inc.*, 163 Ohio App.3d 479, 2005-Ohio-4930, ¶ 33 (10th Dist.) (concluding that the "telephone communications" in that case were "[in]sufficient to establish the requisite 'minimum contacts'"). Significantly, "the use of interstate facilities, including telephone, mail, and e-mail, are secondary or ancillary factors and cannot alone provide the 'minimum contacts' required by due process." *Magnum*, 2022-Ohio-2247, at ¶ 27.

**{¶35}** Likewise, the record reflects that Chandra's activities did not create a substantial connection with Ohio for the trial court to exercise personal jurisdiction over him. Rather, Chandra's connection with Ohio is better characterized as "'random,' 'fortuitous,' or 'attenuated' contacts." *Magnum* at ¶ 14, quoting *Kauffman*, 126 Ohio St.3d 81, 2010-Ohio-2551, at ¶ 51. Critically, the record reflects that the parties negotiated the contract for the garage door (over the telephone) but that the manufacturer (in another state) coordinated construction, shipment, and installation of the garage door in Chandra's home state. *Compare Hammill Mfg. Co. v. Quality Rubber Prod., Inc.*, 82 Ohio App.3d 369, 371 (6th

Dist.1992) (concluding that the trial court had personal jurisdiction over the nonresident defendant because, in part, the product was designed and built in Ohio). Further, the record reveals that even though Chandra and Doors On-Line exchanged emails following the initiation with the project, the totality of those messages reflect that Doors On-Line simply forwarded Chandra's concerns to the manufacturer (in another state) and that the manufacturer provided proposed resolutions to Chandra in his home state. *See Joffe* at ¶ 33 (concluding that communications, originating in the forum state, are "insignificant to the specific jurisdiction inquiry"). In other words, based on the facts presented, there is insufficient evidence reflecting that Chandra could reasonably anticipate being haled into court in Ohio.

**{¶36}** For these reasons, we conclude that Chandra's contacts with Ohio do "not rise to the level of a 'substantial connection'" with Ohio which would allow him to "'reasonably anticipate being haled into court'" here. *XPX Armor & Equip., Inc. v. SkyLIFE Co.*, 6th Dist. Lucas No. L-20-1123, 2021-Ohio-2559, ¶ 35, quoting *Burger King*, 471 U.S. at 474-475. Therefore, Doors On-Line failed to establish that Chandra had the necessary minimum contacts with Ohio for the trial court to exercise jurisdiction.

**{¶37}** Accordingly, "[w]ithout the requisite 'minimum contacts,' our specific jurisdiction inquiry ends, and we need not examine whether asserting personal jurisdiction over appellees comports with "'fair play and substantial

justice.'"'" *Joffe* at ¶ 35, quoting *Burger King* at 477. Consequently, since Doors On-Line failed to establish the requisite "minimum contacts" relevant to the contract for the garage door executed with Chandra, "we conclude that the due process clause preclude[s] the trial court from exercising personal jurisdiction over [Chandra] through specific jurisdiction." *Id.* Thus, we conclude that the trial court erred by concluding that it had personal jurisdiction over Chandra.

{¶38} Chandra's assignment of error is sustained.

{¶39} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings.

***Judgment Reversed and***
***Cause Remanded***

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**