**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,**

**v.**

**BAKER, Appellee, et al.**

[Cite as *Nationwide Mut. Ins. Co. v. Baker* (1995), 105 Ohio App.3d 336.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 94–A–0070.

Decided July 3, 1995.

*William E. Riedel,* for appellant.

*Henry A. Hentemann* and *J. Michael Creagan,* for appellee.

---

CHRISTLEY, Judge.

This is an accelerated calendar appeal, predicated upon a final judgment of the Ashtabula County Court of Common Pleas. Appellant, Nationwide Mutual Insurance Company, seeks the reversal of the trial court's decision granting the motion of appellee, John Baker, to dismiss appellant's declaratory judgment complaint for lack of personal jurisdiction.

The essential facts of this case are not in dispute. In 1984, appellant issued a policy of automobile insurance to Robert Pfleger, a resident of Ashtabula County. This policy covered a 1984 Cadillac owned by Pfleger. Pfleger's wife, Susan, was an insured person under the policy.

In 1988, the Pflegers used the Cadillac for a trip to Atlantic City, New Jersey. While staying at a local motel, Susan Pfleger entrusted the vehicle to appellee, who was employed as a parking valet by the motel. Before he could park the vehicle, appellee was involved in an accident in which two pedestrians were injured.

At some point following the accident, appellee and the motel were named as the defendants in an action brought by the pedestrians and their spouses in a New Jersey state court. As a result, in November 1990, the motel's local counsel sent a letter to appellant's agent in Andover, Ohio, stating that appellee and the motel believed that they were entitled to representation and coverage under the Pfleger policy.

Although appellant refused to provide coverage for the motel, it initially agreed to represent appellee in the New Jersey action. However, in June 1994, appellant initiated the instant action against appellee and the motel, seeking a declaration of the rights of the parties under the Pfleger policy. Specifically, it sought a declaration that it was not obligated to provide liability coverage to either appellee or the motel.

Prior to answering, appellee and the motel moved the trial court to dismiss the complaint, pursuant to Civ.R. 12(B)(2). As the basis for this motion, appellee and the motel argued that they could not be the subjects of service of process outside the state of Ohio because they had insufficient contacts with the state. In support of this motion, they submitted the affidavits of appellee and the motel's counsel.

In responding to the motion to dismiss, appellant admitted that the motion was well taken as to the motel because it had consistently declined to provide coverage for the motel. As to appellee, though, appellant argued that the act of mailing a letter to the agent in Ohio constituted sufficient contact with this state to permit service of process upon him in New Jersey. Appellant's assertion was that by contacting the agent through the mail, appellee had transacted business in this state.

After appellee and the motel had filed a reply brief, the trial court granted the motion to dismiss. In its judgment, the court concluded that the mailing of the letter was not sufficient to confer jurisdiction because that act did not establish a substantial connection between appellee and the state of Ohio.

Although the trial court's judgment applied to both appellee and the motel, appellant has appealed only the dismissal of its complaint as to appellee. Before this court, it has raised one assignment of error for review:

"The trial court erred to the appellant's prejudice when it granted appellee's motion to dismiss on the grounds that the Ashtabula County Court of Common Pleas had no personal jurisdiction over John W. Baker."

Under this sole assignment, appellant essentially restates the argument which formed the basis of its response to the motion to dismiss. Appellant asserts that by contacting its agent in Ohio and demanding coverage under the Pfleger policy, appellee tried to avail himself of the benefits of an Ohio contract. Based upon this, appellant contends that the trial court had personal jurisdiction over appellee because he had established a substantial connection with this state by transacting business within it.

■ Before a trial court in Ohio can exercise personal jurisdiction over a nonresident defendant, two criteria must be satisfied. First, the plaintiff in the action must show that the trial court can take jurisdiction under Civ.R. 4.3(A) and the state's long-arm statute, R.C. 2307.382. Second, the plaintiff must show that the granting of personal jurisdiction will not violate the defendant's due process rights under the Fourteenth Amendment to the United States Constitution. See *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183–184, 624 N.E.2d 1048, 1051.

In order to satisfy the first prong of the test, a plaintiff is required to show that the nonresident defendant has had sufficient minimum contacts with this state to justify the granting of personal jurisdiction to the trial court. R.C. 2307.382(A)(1) provides that such minimum contacts have been established if the cause of action against the defendant is based upon the transaction of any business in the state. Consistent with this, Civ.R. 4.3(A)(1) states that out-of-state service of process can be made upon a nonresident defendant who has transacted business within the state.

In interpreting both the statute and the rule, the Supreme Court of Ohio has held these provisions should be applied in a liberal manner:

"It is clear that R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1) are very broadly worded and permit jurisdiction over nonresident defendants who are *transacting any business* in Ohio. 'Transact,' as defined by Black's Law Dictionary (5 Ed.1979) 1341, ' * * * means to *prosecute negotiations;* to carry on business; *to have dealings * * *.* The word embraces in *its meaning the carrying on or prosecution of business negotiations* but it is a *broader term than the word* "contract" *and may involve business negotiations* which have been either wholly or partly brought to a conclusion * * *.' (Emphasis added.)" *Kentucky Oaks*

*Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 480.

In applying the foregoing definition, the Supreme Court of Ohio has consistently held that the mere solicitation of business by a foreign corporation is insufficient to establish that the corporation has transacted business within this state. *U.S. Sprint Communications,* 68 Ohio St.3d at 185, 624 N.E.2d at 1052, citing *Wainscott v. St. Louis–San Francisco Ry. Co.* (1976), 47 Ohio St.2d 133, 1 O.O.2d 78, 351 N.E.2d 466. Based upon this, the courts of this state have generally held that the foreign entity must have taken on some type of obligation under a contract before it will deemed to have transacted business in this state. See, *e.g., Hammill Mfg. Co. v. Quality Rubber Prod., Inc.* (1992), 82 Ohio App.3d 369, 612 N.E.2d 472.

However, the courts of this state have apparently applied a slightly different standard in relation to individuals as opposed to corporations. For example, in *Kleinfeld v. Link* (1983), 9 Ohio App.3d 29, 9 OBR 30, 457 N.E.2d 1187, the court held that a "one-shot" deal between two private individuals does not constitute transacting business. This holding is predicated upon the general proposition that before personal jurisdiction will be found, the ties of the nonresident person to the state must be substantial.

■ In arguing that the trial court erred in concluding that appellee's actions were insufficient to show that he had been transacting business within this state, appellant submits that the act of contacting the agent and requesting coverage under the policy was qualitatively more substantial than the mere solicitation of business by a corporation. In support of this argument, appellant emphasizes that appellee was seeking to establish an ongoing relationship which would continue throughout the course of litigation in New Jersey.

However, while it is true that appellee sought to establish an ongoing relationship with appellant, appellant has failed to demonstrate how this relationship would have any effect upon the commerce of the state. In contacting appellant's agent, appellee was not attempting to establish a contractual relationship in which he would be obligated to pay appellant for certain services. Such a relationship exists only between appellant and the policyholder, Robert Pfleger. In addition, appellant has failed to indicate how appellee took advantage of the privileges and benefits of this state by contacting the agent.

Thus, instead of supporting the conclusion that appellee's actions in this case were qualitatively more substantial than the solicitation of business, the facts of this case support the conclusion that his actions were less substantial. When a foreign corporation attempts to solicit business in this state, its actions are geared toward a result which could ultimately lead to a sale of goods within the

state. If this result is achieved, then the corporation will have established the minimum contacts by transacting business.

However, appellee's actions in this case were not geared toward such a result. Appellee did not attempt to establish any type of contractual relationship in which funds would be exchanged for goods or services.

Thus, even when the facts of this case are construed in a manner most favorable to appellant, they support the conclusion that appellee had not transacted any business within this state. Accordingly, appellant failed to establish a prima facie case by which the trial court could have obtained personal jurisdiction over appellee under R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1).

Since it was not established that the trial court could take jurisdiction over appellee under either the statute or the rule, it is unnecessary to address whether the taking of jurisdiction over the person would have violated appellee's due process rights.

Pursuant to the foregoing analysis, the trial court did not err in granting appellee's motion to dismiss for lack of personal jurisdiction. Thus, appellant's sole assignment of error lacks merit.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.