[Cite as *Bank of Am., N.A. v. Addo*, 2025-Ohio-5473.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| BANK OF AMERICA, N.A., | CASE NO. 2025-L-060 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Willoughby Municipal Court |
| AWO D. ADDO, | |
| Defendant-Appellant. | Trial Court No. 2019 CVG 02700 |

## OPINION AND JUDGMENT ENTRY

Decided: December 8, 2025
Judgment: Reversed and vacated

*Michael D. Slodov*, Javitch Block, L. L. C., 1100 Superior Avenue, 19th Floor, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Barbara Quinn Smith*, 9853 Johnnycake Ridge Road, Suite 106, Mentor, OH 44060 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Appellant, Awo D. Addo ("Addo"), appeals the decision of the Willoughby Municipal Court adopting the magistrate's decision denying her motion to vacate a default judgment against her. For the following reasons, we reverse the lower court's decision and the order for default judgment is vacated.

{¶2} This case arises from a credit account established by Addo with appellee, Bank of America, N.A. ("Bank of America"). On appeal, Addo asserts that the trial court erred as a matter of law as it did not have personal jurisdiction over her. Addo further asserts that the trial court erred in finding that she was properly served with the complaint.

After a review of the record, we conclude that the trial court erred and abused its discretion when it determined that Addo's contacts with Ohio were sufficient to confer personal jurisdiction via Ohio's long-arm statute. Accordingly, the default judgment against Addo in the trial court is vacated.

## Substantive and Procedural Facts

{¶3}    The record in this case is limited. It is not clear when Addo opened the credit account with Bank of America. In 2018, Bank of America charged-off Addo's outstanding balance of $11,431.15, after she failed to make the required periodic payments. Bank of America filed a complaint with the Willoughby Municipal Court in Lake County, Ohio, on December 6, 2019. An account summary attached to Bank of America's complaint indicates that $11,431.15 was the last statement balance prior to the charge-off, less $115 in payments made or credits applied since the charge-off date. A default judgment was granted in favor of Bank of America on March 4, 2020, for the same amount.

{¶4}    Addo filed a motion to vacate the default judgment on October 10, 2023, more than two years after the judgment was granted. A hearing was held on October 21, 2024, before the magistrate, and both parties appeared. Bank of America was given an additional 30 days to file a brief in opposition to Addo's motion but ultimately did not respond. A magistrate's decision was entered on February 13, 2025. The decision was adopted by the trial court on February 17, 2025. Addo's objections to the magistrate's decision were filed February 28, 2025, and the trial court affirmed its decision to adopt the magistrate's decision on April 25, 2025. On May 21, 2025, Addo filed an appeal of the lower court's decision with this court.

## Assignments of Error

{¶5} On appeal, Addo asserts two assignments of error:

{¶6} "[1.] The Trial Court Erred in Finding That It Had Personal Jurisdiction Over the Defendant."

{¶7} "[2.] The trial court erred in finding that Appellant was properly served with the complaint."

## Standard of Review

{¶8} Generally, appellate courts review the adoption of a magistrate's decision under an abuse of discretion standard. *McKinney v. LaMalfa Party Ctr.*, 2022-Ohio-4333, ¶ 7 (11th Dist.), quoting *Echols v. Echols*, 2022-Ohio-1719, ¶ 23 (11th Dist.), citing *Degrant v. Degrant*, 2020-Ohio-70, ¶ 24 (11th Dist.). "[A]n abuse of discretion is 'the trial court's "failure to exercise sound, reasonable, and legal decision-making."'" *Id.*, quoting *State v. Underwood*, 2009-Ohio-2089, ¶ 30 (11th Dist.), citing *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary (8th Ed. 2004). "'When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error.'" *Id.*, quoting *Beechler* at ¶ 67. Accordingly, we review Addo's assignments of error for an abuse of discretion.

## Personal Jurisdiction

{¶9} Addo asserts in her first assignment of error that the trial court erred in determining that it had personal jurisdiction to render judgment against her, as she is not a resident of Ohio. Addo avers that Bank of America provided no evidence to support jurisdiction. Addo adds that "[t]he mere act of providing a mailing address for the creditor's convenience does not constitute purposeful availment" contending that providing the

Case No. 2025-L-060

address for the purpose of receiving statements "did not create a substantial connection with Ohio."

> "'In Ohio, it is well-established that before a trial court can enter a judgment against a defendant, the court must first have personal jurisdiction over the defendant.'" *Sweeney v. Smythe, Cramer Co.*, 11th Dist. Geauga No. 2002-G-2422, 2003-Ohio-4032, ¶ 12, quoting *Old Meadow Farm Co. v. Petrowski*, 11th Dist. Geauga No. 2000-G-2265, 2001 WL 209066, *2 (Mar. 2, 2001). "Therefore, a default judgment rendered by a court without personal jurisdiction is void." *Id.*, citing *Thomas v. Corrigan*, 135 Ohio App.340, 343 (11th Dist. 1999).

*Ashtabula v. Holman*, 2020-Ohio-2892, ¶ 21 (11th Dist.).

{¶10} Challenges to a non-resident defendant's jurisdiction are reviewed de novo. *State ex rel. DeWine v. 9150 Group,* 2012-Ohio-3339, ¶ 8 (9th Dist.), quoting *Eisel v. Austin*, 2010-Ohio-816, ¶ 8 (9th Dist.). Once the non-defendant challenges the trial court's personal jurisdiction over him, the plaintiff must prove jurisdiction by a preponderance of evidence. *Id.*, quoting *ComDoc v. Derzack*, 2009-Ohio-2998, ¶ 3 (9th Dist.).

{¶11} When determining whether a state has personal jurisdiction over a defendant residing out of state, "courts engage in a two-prong analysis." *Id.* at ¶ 9, citing *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 1994-Ohio-504, ¶ 11. "As to the first prong, we must determine if Ohio's 'long-arm' statute and civil rules apply to confer personal jurisdiction." *Id*. As to the second prong, we next "must determine if application of personal jurisdiction 'would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution.'" *Id.*

{¶12} "In order to satisfy the first prong of the test, a plaintiff is required to show that the nonresident defendant has had sufficient minimum contacts with this state to

justify the granting of personal jurisdiction to the trial court." *Nationwide Mut. Ins. Co. v. Baker*, 105 Ohio App.3d 336, 339 (1995).

{¶13} Ohio's long-arm statute, R.C. 2307.382, enumerates the various acts that permit Ohio courts to confer jurisdiction over a non-resident. R.C. 2307.382 provides:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or serves rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state.

. . .

(C) In addition to a court's exercise of personal jurisdiction under division (A) of this section, a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution.

{¶14}   Civ.R. 4.3(A)(1) is complimentary to R.C. 2307.382, and permits service of process to a defendant outside of the State of Ohio, providing in relevant part:

Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state. "Person" includes an individual, an individual's executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:

(1) Transacting any business in this state.

{¶15}   In the instant case, the trial court entered judgment, determining that Addo's contacts with the State of Ohio constituted transacting business in the state, thereby allowing jurisdiction to be reached via the long-arm statute.

'It is clear that R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1) are very broadly worded and permit jurisdiction over nonresident defendants who are *transacting any business* in Ohio. "Transact," as defined by Black's Law Dictionary *** "*** means to prosecute negotiations; to carry on business; to have dealings ***. The word embraces in its meaning the carrying on or prosecution of business negotiations but it is a broader term than the word 'contact' and may involve business negotiations which have been either wholly or partly

brought to a conclusion ***.'" (Italics omitted.) Id. at 339-340, quoting *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 75.

*LaFarge N. Am. v. Forbes*, 2008-Ohio-5864, ¶ 17 (11th Dist.).

{¶16} Generally, the use of interstate lines of communication such as mail service and telephones is not automatically a purposeful availment of the privileges of conducting commerce in a forum state, such that a non-resident defendant should anticipate being haled into court there. *Austin Miller Am. Antiques, Inc. v. Cavallaro*, 2011-Ohio-6670, ¶ 16 (10th Dist.), quoting *Scullin Steel Co. v. Natl. Ry Utilization Corp.*, 676 F.2d 309, 313-14 (8th Cir. 1982) ("use of interstate facilities (telephone, the mail), the making of payments in the forum state, and the provision for delivery within the forum state are secondary or ancillary factors and cannot alone provide the 'minimum contacts' required by due process"). *See Durkin v. Gran Turismo Jaguar*, 1999 WL 1313666 (11th Dist. Dec. 17, 1999); *Doors On-Line, Inc. v. Chandra*, 2023-Ohio-2018, ¶ 34 (3d Dist.); *Magnum Asset Acquisition, LLC v. Green Energy Technologies, LLC*, 2022-Ohio-2247, ¶ 24 (9th Dist.); *Med Express v. Univ. of Colorado Denver*, 2015-Ohio-144, ¶ 23 (9th Dist.). Therefore, merely using the instrumentalities of interstate commerce is insufficient to establish personal jurisdiction.

## Ohio's Long-Arm Statute

{¶17} Here, the trial court first determined, in the magistrate's decision later adopted by the trial court, that jurisdiction was conferred through R.C. 2307.382(A)(1) which states in relevant part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

Case No. 2025-L-060

(1) Transacting any business in this state.

> Ohio's long-arm statute . . . authorizes personal jurisdiction of Ohio courts over persons who take certain actions creating relationships with Ohio, including transacting business or causing tortious injury in this state. R.C. 2307.382(A)(1), (A)(3), and (A)(4); *see also* Civ.R. 4.3(A)(1), and (A)(4) (allowing service of process on nonresident defendants who transact business or cause tortious injury in Ohio). As used in the long-arm statute and Civ.R. 4.3, "'transacting business in this state' connotes a broad statement of jurisdiction" *Joffe v. Cable Tech, Inc.*, 163 Ohio App.3d 479, 2005-Ohio-4930, ¶ 15 (10th Dist.), citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*[,] 53 Ohio St.3d 73, 75 (1990). However, when jurisdiction over a party is based upon the long-arm statute, "only a cause of action arising from acts enumerated in th[at] section may be asserted against him." R.C. 2307.382(C).

*9150 Group*, 2012-Ohio-3339, ¶ 10 (9th Dist.) In other words, the list enumerated in R.C. 2307.382 is the exclusive list of acts that permit jurisdiction of an out-of-state defendant. Conversely, if the act is not enumerated in R.C. 2307.382, the state cannot confer jurisdiction over the non-resident defendant.

{¶18}  The second prong of the test focuses on the constitutionality of conferring jurisdiction over the non-resident defendant, and requires that the contacts the defendant had with the forum state constitute purposeful availment such that conferring jurisdiction would be "reasonable" and "fair."

> The constitutional standard for obtaining non-resident jurisdiction was set forth in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, wherein the court stated that a defendant must "have certain minimum contacts with * * * [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" An essential ingredient in these cases is whether the "quality and nature" of the defendant's activity is such that it is "reasonable" and "fair" to require him to conduct his defense in that state. *International Shoe Co., supra,* at 316-317, 66 S.Ct. at 158-159. In *Hanson*

> *v. Denckla* (1958), 357 U.S. 235, 253, 78 S.Ct. 1228, 1240 2 L.Ed.2d 1283, the court stated that, "[i]t is essential in each case that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum State."

*Kleinfield v. Link*, 9 Ohio App.3d 29, 30 (3d Dist. 1983). While the trial court here determined that Addo's acts constituted transacting business for the purposes of the long-arm statute, exercising jurisdiction must also comply with the Federal and State constitutions to properly reach the defendant.

{¶19} In the present case, there is no dispute that Addo does neither currently resides in Ohio, or that she did not reside in Ohio when the Bank of America credit account was charged-off. Both the United States Supreme Court and the Supreme Court of Ohio have rejected the notion that physical presence in the forum state is necessary to exercise personal jurisdiction. *Arrow Machine Co., Ltd. v. Array Connector Corp.*, 2009-Ohio-1439, ¶ 36 (11th Dist.), citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) and *Goldstein v. Christiansen*, 70 Ohio St.3d 232 (1994). However, using interstate mail alone is not enough to satisfy the minimum contacts requirement. *Austin Miller Am. Antiques, Inc.*, 2011-Ohio-6670 at ¶ 16 (10th Dist.).

{¶20} On appeal, Addo does not contest the balance that Bank of America claims she owes on her account. Addo's sole contention on appeal is that the trial court lacked jurisdiction to enter a default judgment against her. Jurisdiction in this case turns on whether Addo's contact with the State of Ohio was sufficient for the purposes of R.C. 2307.382.

{¶21} The trial court reasoned that Addo had sufficient contact with the State because "[i]t appears from the record that [Addo] had access to the credit line, and

Case No. 2025-L-060

received monthly statements through her [brother] at the Willoughby, Ohio address, from December 2015 until September 2018." However, nothing in the record indicates that Addo physically accessed the account in the State of Ohio. In fact, the record indicates that Addo only visited Ohio once, in 2008. The only evidence in the record of Addo's contact with Ohio was her direction to Bank of America to send her account statements to her brother's residence within the state.

{¶22} Bank of America produced no evidence in the trial court indicating where the contract was formed or that any negotiations or actual communications between the parties occurred within the State of Ohio. Addo's contact with Ohio appears to have been limited to receipt of account statements from Bank of America.

{¶23} As the record is devoid of evidence that Addo had any more contact with the State of Ohio than using interstate mail to receive account statements, the trial court abused its discretion when it adopted the magistrate's decision, denying Addo's motion to vacate the default judgment.

{¶24} Addo's first assignment of error is with merit. The trial court lacked jurisdiction to grant Bank of America default judgment. Accordingly, the default judgment against Addo void. *Holman*, 2020-Ohio-2892 at ¶ 21 (11th Dist.), quoting *Sweeney v. Smyth, Cramer Co.*, 2003-Ohio-4032, ¶ 12, quoting *Old Meadow Farm Co. v. Petrowski*, 2001 WL 209066, 2 (11th Dist. Mar. 2, 2001).

{¶25} As Addo's first assignment of error is with merit, her second assignment of error is rendered moot. Accordingly, we will not discuss whether Addo was properly served with notice of the complaint.

{¶26} For the foregoing reasons, the decision of the Willoughby Municipal Court is reversed, and the default judgment against Addo in this case is vacated.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, the appellant's first assignment of error has merit, rendering appellant's second assignment of error moot. It is the judgment and order of this court that the judgment of the Willoughby Municipal Court is reversed, and the default judgment vacated for lack of jurisdiction.

Costs to be taxed against the appellee.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-060